UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.

RAFAEL HERRERA, MAURICIO
ALTAMIREZ, and JOSE DIAZ,
and others similarly situated,

          Plaintiffs,

v.

MATTRESS FIRM, INC., a Foreign
Profit Corporation, EDWIN V. DELIVERY
SERVICES, INC., a Florida Corporation,
EDWIN VINDAS, individually,
C.S.F. ENTERPRISES, INC., a Florida
Corporation, and FELIX PACHECO,
individually,

          Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, RAFAEL HERRERA ("HERRERA"), MAURICIO ALTAMIREZ ("ALTAMIREZ"), and JOSE DIAZ ("DIAZ," and together with HERERRA and ALTAMIREZ, hereinafter collectively referred to as the "Plaintiffs"), by and through undersigned counsel and, on behalf of those similarly situated, bring this action against MATTRESS FIRM, INC. ("MATTRESS FIRM"), EDWIN V. DELIVERY SERVICES, INC. ("EDWIN DELIVERY"), EDWIN VINDAS, individually ("VINDAS"), C.S.F. ENTERPRISES, INC. ("C.S.F."), and FELIX PACHECO, individually ("PACHECO," and together with MATTRESS FIRM, EDWIN DELIVERY, VINDAS, and C.F.S., hereinafter collectively referred to as the "Employers" or "Defendants," except when referred to individually), and allege:

**Berens, Fernandez & Associates, P.A.**
2100 PONCE DE LEON BLVD. PENTHOUSE – 2 CORAL GABLES, FLORIDA  33134
TELEPHONE 305-329-2990

## JURISDICTIONAL AND VENUE

1. This is an action to recover unpaid overtime wages and liquidated damages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (§ 216(b) for jurisdictional placement) ("FLSA").

2. Plaintiff, HERRERA, is a resident of Miami-Dade County, Florida and is otherwise *sui juris*.

3. Plaintiff, ALTAMIREZ, is a resident of Miami-Dade County, Florida and is otherwise *sui juris*.

4. Plaintiff, DIAZ, is a resident of Miami-Dade County, Florida and is otherwise *sui juris*.

5. Defendant, MATTRESS FIRM, is a Delaware corporation registered in Florida as a foreign for-profit corporation, and conducts business in Miami-Dade County, Florida.

6. Defendant, EDWIN DELIVERY is a Florida for-profit corporation that conducts business in Miami-Dade County, Florida.

7. Defendant, VINDAS, is a resident of Miami-Dade County, Florida, and is otherwise *sui juris*.

8. Defendant, C.S.F. is a Florida for-profit corporation that conducts business in Miami-Dade County, Florida.

9. Defendant, PACHECO, is a resident of Miami-Dade County, Florida, and is otherwise *sui juris*.

10. The claims under the FLSA pursued by Plaintiffs may also be pursued by those who opt-in to this case as collective action members pursuant to 29 U.S.C. § 216(b).

11. All of the events, or a substantial part of the events, giving rise to this action,

**Berens, Fernandez & Associates, P.A.**
2100 PONCE DE LEON BLVD. PENTHOUSE – 2 CORAL GABLES, FLORIDA  33134
TELEPHONE 305-329-2990

occurred in Miami-Dade County, Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

12.     This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331 and 1337, and 29 U.S.C. 1367(a), as they arise under the FLSA.

13.     At all times material hereto, Plaintiffs were "employees" of the Defendants within the meaning of the FLSA and Fla. Const. Article X, § 24.

## FLSA COVERAGE

14.     At all times relevant to this action, Defendant, MATTRESS FIRM, has owned and operated over 30 mattress stores located throughout Miami-Dade County, Florida, as well as a warehouse located at 11401 N.W. 134 Street Medley, Florida 33178 (hereinafter referred to as "the warehouse").

15.     MATTRESS FIRM is, and at all times pertinent to this Complaint, was engaged in interstate commerce.

16.     At all times pertinent to this Complaint, MATTRESS FIRM operated as an organization which sells, markets, and/or handles its services, goods, and/or materials to customers from throughout the United States, and also provided its services for goods sold and transported from across state lines.

17.     Upon information and belief, MATTRESS FIRM obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the state of Florida, and otherwise regularly engages in interstate commerce.

18.     Plaintiffs, by virtue of working in interstate commerce for MATTRESS FIRM, otherwise satisfy the FLSA's requirements.

**Berens, Fernandez & Associates, P.A.**
2100 PONCE DE LEON BLVD. PENTHOUSE – 2 CORAL GABLES, FLORIDA  33134
TELEPHONE 305-329-2990

19.     Upon information and belief, the annual gross revenue of MATTRESS FIRM was, at all material times hereto, in excess of $500,000.00 per annum.

20.     By reason of the foregoing, MATTRESS FIRM is and was, during all times material hereto, an enterprise engaged in commerce, or in the production of goods for commerce, as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. § 230(r) and 203(s).

21.     At all times relevant to this action, EDWIN DELIVERY has owned and operated a mattress delivery company located inside the warehouse.

22.     At all times relevant to this Complaint, EDWIN DELIVERY operated as an organization which sells, markets, and/or handles its services, goods, and/or materials to customers from throughout the United States, and also provided its services for goods sold and transported from across state lines.

23.     Upon information and belief, EDWIN DELIVERY obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the state of Florida, and otherwise regularly engages in interstate commerce.

24.     Upon information and belief, EDWIN DELIVERY had, either alone or in conjunction with the other Defendants as joint employers of the Plaintiffs, annual gross revenues in excess of $500,000.00 during the time period relevant to this Complaint.

25.     Plaintiffs, by virtue of working in interstate commerce for EDWIN DELIVERY, otherwise satisfy the FLSA's requirements.

26.     At all times relevant to this action, Defendant, VINDAS, was and still is the owner of EDWIN DELIVERY, and acted in the course and scope of his employment as owner of EDWIN DELIVERY with regards to Plaintiffs.

**Berens, Fernandez & Associates, P.A.**
2100 PONCE DE LEON BLVD. PENTHOUSE – 2 CORAL GABLES, FLORIDA  33134
TELEPHONE 305-329-2990

27.     VINDAS is an FLSA employer, as defined by 29 U.S.C. § 203(d), as he had operational control over EDWIN DELIVERY and was directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiffs.

28.     At all times relevant to this action, Defendant, C.S.F., has owned and operated a mattress delivery company located inside the warehouse.

29.     At all times material to this Complaint, C.S.F. operated as an organization which sells, markets, and/or handles its services, goods, and/or materials to customers from throughout the United States, and also provided its services for goods sold and transported from across state lines.

30.     Upon information and belief, C.S.F. obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the state of Florida, and otherwise regularly engages in interstate commerce.

31.     Upon information and belief, C.S.F. had, either alone or in conjunction with the other Defendants, as joint employers of the Plaintiffs, annual gross revenues in excess of $500,000.00 during the time period relevant to this Complaint.

32.     At all times relevant to this action, Defendant, PACHECO was and still is the owner of C.S.F, and acted in the course and scope of his employment as owner of C.S.F. with regards to HERRERA.

33.     PACHECO is an FLSA employer, as defined by 29 U.S.C. § 203(d), as he had operational control over C.S.F., and was directly involved in decisions affecting employee compensation and hours worked by employees such as HERRERA.

**Berens, Fernandez & Associates, P.A.**
2100 PONCE DE LEON BLVD. PENTHOUSE – 2 CORAL GABLES, FLORIDA  33134
TELEPHONE 305-329-2990

## JOINT EMPLOYMENT

34.     At all times relevant to this action, MATTRESS FIRM, EDWIN DELIVERY, and C.S.F., together with VINDAS and PACHECO, were joint employers of Plaintiffs[1] for purposes of the FLSA under a "vertical" joint employment relationship, in that MATTRESS FIRM:

(a) controlled the work performed by the Plaintiffs including, but not limited to, requiring Plaintiffs to provide MATTRESS FIRM clients with a card and bag of candy upon arrival to their homes, requiring MATTRESS FIRM logos on Plaintiffs' vehicles, and requiring Plaintiffs to wear MATTRESS FIRM uniforms;

(b) supervised Plaintiffs' work by following up with the MATTRESS FIRM clients serviced, to conduct a survey regarding Plaintiffs' quality of work and compliance with MATTRESS FIRM procedures;

(c) had the power to determine pay rates or methods. MATTRESS FIRM in conjunction with additional Defendants required Plaintiffs have a "helper" and determined the helper's pay rate as well as an additional amount deducted from Plaintiffs' wages for the helpers worker's compensation;

(d) had the ability to reprimand, suspend, or fire Plaintiffs and others similarly situated if they did not comply with MATTRESS FIRM procedures;

(e) upon information and belief, oversaw the payment of Plaintiffs' wages;

(f) owned the facilities out of which EDWIN DELIVERY and C.S.F. operated;

(g) required Plaintiffs to perform work integral to the business, including, but not limited to, delivering mattresses to MATTRESS FIRM customers, delivering mattresses to

---

[1] Plaintiff HERRERA was the only Plaintiff employed by C.S.F. All named Plaintiffs, including HERRERA, were employed by MATTRESS FIRM and EDWIN DELIVERY.

**Berens, Fernandez & Associates, P.A.**
2100 PONCE DE LEON BLVD. PENTHOUSE – 2 CORAL GABLES, FLORIDA  33134
TELEPHONE 305-329-2990

the various store-fronts and assembling furniture for the display, picking up and returning used mattresses to the warehouse, and processing material within the warehouse such as packing recyclable cardboard and plastic as well as storing used mattresses for subsequent resale by MATTRESS FRIM; and

(h) provided the necessary equipment and facilities for Plaintiffs to perform their job duties.

## PLAINTIFFS' EMPLOYMENT

### RAFAEL HERRERA

35.　　Plaintiff HERRERA was employed as a delivery driver by MATTRESS FIRM, EDWIN DELIVERY, and C.S.F. from 2014 to 2016.

36.　　HERRERA was contracted to provide delivery driver services for MATTRESS FIRM through Defendant EDWIN DELIVERY from 2014 thru 2016.

37.　　HERRERA was contracted to provide delivery driver services for MATTRESS FIRM through Defendant C.S.F. in 2015.

38.　　On average, HERRERA worked seven (7) days a week, up to sixteen (16) hours a day, for approximately one hundred twelve (112) hours a week.[2]

39.　　HERRERA was paid per delivery, irrespective of hours worked.

40.　　HERRERA was paid per delivery and that amount was reduced by a percentage for worker's compensation, by the cost of a "helper" that he was required to have, the cost of tolls, and the cost of the fuel, all of which were deducted from his weekly paycheck.

---

[2] At this time HERRERA has limited time and payroll records. Accordingly, he estimates his damages as a matter of just and reasonable inference, and reserves the right to amend his estimation. The amount of damages will fluctuate once Defendants provide complete time and payroll records. *See Anderson v. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946).

**Berens, Fernandez & Associates, P.A.**
2100 PONCE DE LEON BLVD. PENTHOUSE – 2 CORAL GABLES, FLORIDA  33134
TELEPHONE 305-329-2990

## MAURICIO ALTAMIREZ

41.     Plaintiff ALTAMIREZ was, and continues to be, employed as a delivery driver for MATTRESS FIRM and EDWIN DELIVERY since 2014.

42.     ALTAMIREZ was contracted to provide delivery driver services for MATTRESS FIRM through Defendant EDWIN DELIVERY.

43.     On average, ALTAMIREZ worked seven (7) days a week, up to sixteen (16) hours a day, for approximately one hundred twelve (112) hours a week.[3]

44.     ALTAMIREZ was paid per delivery, irrespective of hours worked.

45.     ALTAMIREZ was paid per delivery and that amount was reduced by a percentage for worker's compensation, the cost of a "helper" that he was required to have, the cost of tolls, and the cost of fuel, all of which were deducted from his weekly paycheck.

## JOSE DIAZ

46.     Plaintiff, DIAZ, was employed as a delivery driver by MATTRESS FIRM and EDWIN DELIVERY from approximately 2012 through 2015.

47.     DIAZ provided delivery driver services for the Defendant MATTRESS FIRM from 2012 thru 2015.

48.     DIAZ was contracted to provide delivery driver services for MATTRESS FIRM through Defendant EDWIN DELIVERY from 2012 thru 2015.

49.     On average, DIAZ worked six (6) days a week, up to sixteen (16) hours a day, for

---

[3] At this time ALTAMIREZ has limited time and payroll records. Accordingly, he estimates his damages as a matter of just and reasonable inference, and reserves the right to amend his estimation. The amount of damages will fluctuate once Defendants provide complete time and payroll records. *See Anderson v. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946).

**Berens, Fernandez & Associates, P.A.**
2100 PONCE DE LEON BLVD. PENTHOUSE – 2 CORAL GABLES, FLORIDA  33134
TELEPHONE 305-329-2990

approximately ninety-six (96) hours a week.[4]

50.    DIAZ was paid per delivery, irrespective of hours worked.

51.    DIAZ was paid per delivery and that amount was reduced by a percentage for worker's compensation, the cost of a "helper" that he was required to have, the cost of tolls, and the cost of fuel, all of which were deducted from his weekly paycheck.

## GENERAL ALLEGATIONS

52.    Plaintiffs bring this action on behalf of themselves and all other current and former employees of Defendants who are and were similarly situated. This class consists of drivers hired to provide delivery services to MATTRESS FIRM, who worked in excess of forty (40) hours each week, and who were not paid the required overtime premiums for each hour worked in excess of forty (40) in each work week under the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*

53.    Plaintiffs and those similarly situated were hired at various times by EDWIN DELIVERY and C.S.F. as delivery drivers to provide delivery services solely for MATTRESS FIRM.

54.    MATTRESS FIRM willfully chose to uniformly misclassify a group of employees titled "delivery drivers," as independent contractors, by attempting to sub-contract various companies such as Defendants EDWIN DELIVERY and C.S.F. to deliver MATTRESS FIRM's products to its customers.

55.    MATTRESS FIRM is in the business of selling mattresses and those mattresses

---

[4] At this time DIAZ has limited time and payroll records. Accordingly, he estimates his damages as a matter of just and reasonable inference, and reserves the right to amend his estimation. The amount of damages will fluctuate once Defendants provide complete time and payroll records. *See Anderson v. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946).

**Berens, Fernandez & Associates, P.A.**
2100 PONCE DE LEON BLVD. PENTHOUSE – 2 CORAL GABLES, FLORIDA  33134
TELEPHONE 305-329-2990

are only available for delivery, thus the delivery drivers are an integral part of MATTRESS FIRM's business.

56.     MATTRESS FIRM customarily and regularly dictated who EDWIN DELIVERY and C.S.F. hired, and required a six month hold of employees from being hired from one delivery company to another.

57.     Plaintiffs were required to fill out an application with MATTRESS FIRM in order to be employed by EDWIN DELIVERY and/or C.S.F.

58.     MATTRESS FIRM customarily and regularly required Plaintiffs, and those similarly situated, to provide MATTRESS FIRM's customers with candy and a card upon making a delivery. If Plaintiffs did not comply, MATTRESS FIRM had the power to discipline, suspend, or terminate the Plaintiffs and similarly situated delivery drivers.

59.     MATTRESS FIRM required that all delivery drivers have their trucks fully wrapped in MATTRESS FIRM logos.

60.     Plaintiffs and others similarly situated were only allowed to deliver for MATTRESS FIRM.

61.     Upon information and belief, EDWIN DELIVERY conducted, and continues to conduct, all of its business inside the warehouse.

62.     Upon information and belief, C.S.F. conducted, and continues to conduct, all of its business inside the warehouse.

63.     EDWIN DELIVERY required delivery drivers, including Plaintiffs, to work double shifts, as per MATTRESS FIRM's requirements.

64.     C.S.F. required delivery drivers, including Plaintiffs, to work double shifts, as per MATTRESS FIRM's requirements.

**Berens, Fernandez & Associates, P.A.**
2100 PONCE DE LEON BLVD. PENTHOUSE – 2 CORAL GABLES, FLORIDA  33134
TELEPHONE 305-329-2990

65. Upon information and belief, EDWIN DELIVERY's only 'client' is MATTRESS FIRM

66. Upon information and belief, C.S.F's only 'client' is MATTRESS FIRM.

67. MATTRESS FIRM regularly and customarily required all the delivery drivers to bring the used mattresses from customers' homes to the warehouse every evening in order for MATTRESS FIRM to resell the mattresses.

68. Plaintiffs were required to process these mattresses within the warehouse and properly store them for subsequent resale by MATTRESS FIRM.

69. Plaintiffs had to process recycled materials such as cardboard and plastic for subsequent resale by MATTRESS FIRM.

70. Plaintiffs were not compensated for any of the jobs listed in paragraphs 67 through 69 above.

71. The reselling of the mattresses was for the sole benefit of MATTRESS FIRM, and Plaintiffs, and those similarly situated, did not receive any additional compensation for this service.

72. MATTRESS FIRM required Plaintiffs, and those similarly situated, to deliver mattresses to the various store-fronts and assemble furniture for the display, this was for the sole benefit of MATTRESS FIRM and Plaintiffs were not compensated for this service.

73. MATTRESS FIRM required Plaintiffs and those similarly situated to attend daily meetings at MATTRESS FIRM's warehouse with MATTRESS FIRM's warehouse manager "Yuri."

74. Plaintiffs were not compensated for the time spent at these obligatory meetings.

75. MATTRESS FIRM created a payment structure of hiring delivery companies,

**Berens, Fernandez & Associates, P.A.**
2100 PONCE DE LEON BLVD. PENTHOUSE – 2 CORAL GABLES, FLORIDA 33134
TELEPHONE 305-329-2990

such as EDWIN DELIVERY and C.S.F., in order evade the requirements imposed by the FLSA.

76.     At all times relevant to this action, Plaintiffs, and those similarly situated to them, were in non-exempt positions and were entitled to overtime compensation under the FLSA for each hour worked over forty (40) each workweek.

77.     Each Plaintiff, and those similarly situated, worked in excess of forty (40) hours in one or more work weeks during the relevant time period.

78.      The complete records of the compensation actually paid to Plaintiffs, if any, and the specific records of hours Plaintiffs worked, are currently in the possession, custody, and control of Defendants.

79.     Upon information and belief, Defendants failed to keep and maintain all required records of hours worked by, and wages paid to, their employees, including Plaintiffs and those similarly situated, per the record-keeping requirements of the FLSA.

80.     All conditions precedent to the filing of this action have been satisfied, waived, or otherwise excused.

81.     Plaintiffs have hired the undersigned law firm to represent them in this case and are entitled to recover reasonable attorneys' fees.

## COUNT I
## FLSA OVERTIME VIOLATION
## Against MATTRESS FIRM, INC.

82.      Plaintiffs re-allege and re-incorporate the allegations contained in paragraphs 1 through 81.

83.     HERRERA worked in excess of forty (40) hours per week during the periods stated in paragraphs 35 through 37.

84.     HERRERA was not paid overtime wages at a rate of time-and-one-half as

**Berens, Fernandez & Associates, P.A.**
2100 PONCE DE LEON BLVD. PENTHOUSE – 2 CORAL GABLES, FLORIDA  33134
TELEPHONE 305-329-2990

required by the FLSA for each hour worked over forty (40) in a workweek.

85.     ALTAMIREZ worked in excess of forty (40) hours per week during the periods stated in paragraphs 41 through 42.

86.     ALTAMIREZ was not paid overtime wages at a rate of time-and-one-half as required by the FLSA for each hour worked over forty (40) in a workweek.

87.     DIAZ worked in excess of forty (40) hours per week during the periods stated in paragraphs 46 through 48.

88.     DIAZ was not paid overtime wages at a rate of time-and-one-half as required by the FLSA for each hour worked over forty (40) in a workweek.

89.     MATTRESS FIRM intentionally violated the FLSA, or showed reckless disregard for the FLSA, by failing to pay Plaintiffs their overtime wages despite having knowledge of their schedule.

90.     At all times material hereto, MATTRESS FIRM failed to comply with the FLSA in that Plaintiffs performed services and worked in excess of the maximum hours provided by the FLSA, but no provision was made by Defendants to properly pay Plaintiffs at a rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA

91.     MATTRESS FIRM operated as Plaintiffs' joint employer.

92.     MATTRESS FIRM failed to keep adequate time records.

93.     MATTRESS FIRM remains owing the Plaintiffs overtime wages since the commencement of Plaintiffs' employment with MATTRESS FIRM as set forth above.

94.     As a direct and proximate result of MATTRESS FIRM's willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

95.     No valid reason exists for the denial of paying overtime wages.

**Berens, Fernandez & Associates, P.A.**
2100 PONCE DE LEON BLVD. PENTHOUSE – 2 CORAL GABLES, FLORIDA  33134
TELEPHONE 305-329-2990

96.     Plaintiffs have retained the undersigned law firm to represent them in this case and are entitled to recover reasonable attorneys' fees.

WHEREFORE, Plaintiffs request compensatory and liquidated damages and reasonable attorneys' fees and costs from the Defendant, MATTRESS FIRM, together with EDWIN DELIVERY, C.S.F., VINDAS, and PACHECO, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiffs' entire employment period with the Employers, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that the Plaintiffs do not recover liquidated damages, then the Plaintiffs will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

### COUNT II
### FLSA OVERTIME VIOLATION
### Against EDWIN V. DELIVERY SERVICES, INC.

97.     Plaintiffs re-allege and re-incorporate the allegations contained in paragraphs 1 through 81.

98.     HERRERA worked in excess of forty (40) hours per week during the periods stated in paragraphs 35 through 37.

99.     HERRERA was not paid overtime wages at a rate of time-and-one-half as required by the FLSA for each hour worked over forty (40) in a workweek.

100.     ALTAMIREZ worked in excess of forty (40) hours per week during the periods stated in paragraphs 41 through 42.

101.     ALTAMIREZ was not paid overtime wages at a rate of time-and-one-half as required by the FLSA for each hour worked over forty (40) in a workweek.

**Berens, Fernandez & Associates, P.A.**
2100 PONCE DE LEON BLVD. PENTHOUSE – 2 CORAL GABLES, FLORIDA  33134
TELEPHONE 305-329-2990

102.    DIAZ worked in excess of forty (40) hours per week during the periods stated in paragraphs 46 through 48.

103.    DIAZ was not paid overtime wages at a rate of time-and-one-half as required by the FLSA for each hour worked over forty (40) in a workweek

104.    EDWIN DELIVERY intentionally violated the FLSA, or showed reckless disregard for the FLSA, by failing to pay Plaintiffs their overtime wages despite having knowledge of their schedule.

105.    At all times material hereto, EDWIN DELIVERY failed to comply with the FLSA, in that Plaintiffs performed services and worked in excess of the maximum hours provided by the FLSA, but no provision was made by Defendants to properly pay Plaintiffs at a rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

106.    EDWIN DELIVERY operated as Plaintiffs' joint employer.

107.    EDWIN DELIVERY failed to keep adequate time records.

108.    EDWIN DELIVERY remains owing the Plaintiffs these overtime wages since the commencement of Plaintiffs' employment with EDWIN DELIVERY as set forth above.

109.    As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

110.    No valid reason exists for the denial of paying overtime wages.

111.    Plaintiffs have retained the undersigned law firm to represent them in this case and are entitled to recover reasonable attorneys' fees.

WHEREFORE, Plaintiffs request compensatory and liquidated damages and reasonable attorneys' fees and costs from the Defendant, MATTRESS FIRM, together with EDWIN

**Berens, Fernandez & Associates, P.A.**
2100 PONCE DE LEON BLVD. PENTHOUSE – 2 CORAL GABLES, FLORIDA  33134
TELEPHONE 305-329-2990

DELIVERY, and VINDAS, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiffs' entire employment period with the Employers, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that the Plaintiffs do not recover liquidated damages, then the Plaintiffs will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

### COUNT III
### FLSA OVERTIME VIOLATION
### Against C.S.F. ENTERPRISES, INC.

112.    Plaintiffs re-allege and re-incorporate the allegations contained in paragraphs 1 through 81.

113.    HERRERA worked in excess of forty (40) hours per week during the periods stated in paragraphs 35 through 37.

114.    HERRERA was not paid overtime wages at a rate of time-and-one-half as required by the FLSA for each hour worked over forty (40) in a workweek.

115.    Defendant C.S.F. intentionally violated the FLSA, or showed reckless disregard for the FLSA, by failing to pay Plaintiffs their overtime wages despite having knowledge of their schedule.

116.    At all times material hereto, C.S.F. failed to comply with the FLSA, in that Plaintiffs performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by Defendants to properly pay Plaintiffs at a rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

117.    C.S.F. operated as Plaintiffs' joint employer.

**Berens, Fernandez & Associates, P.A.**
2100 PONCE DE LEON BLVD. PENTHOUSE – 2 CORAL GABLES, FLORIDA  33134
TELEPHONE 305-329-2990

118.     C.S.F. failed to keep adequate time records.

119.     C.S.F. remains owing the Plaintiffs these overtime wages since the commencement of Plaintiffs' employment with C.S.F., as set forth above.

120.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

121.     No valid reason exists for the denial of paying overtime wages.

122.     Plaintiffs have retained the undersigned law firm to represent them in this case and are entitled to recover a reasonable attorney's fee.

WHEREFORE, Plaintiffs request compensatory and liquidated damages and reasonable attorneys' fees and costs from the Defendants, MATTRESS FIRM, together with C.S.F. and PACHECO, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiffs' entire employment period with the Employers, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that the Plaintiffs do not recover liquidated damages, then the Plaintiffs will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT IV
## FLSA OVERTIME VIOLATION
## Against EDWIN VINDAS

123.     Plaintiffs re-allege and re-incorporate the allegations contained in paragraphs 1 through 81.

124.     HERRERA worked in excess of forty (40) hours per week during the periods stated in paragraphs 35 through 37.

125.     HERRERA was not paid overtime wages at a rate of time-and-one-half as

Berens, Fernandez & Associates, P.A.
2100 PONCE DE LEON BLVD. PENTHOUSE – 2 CORAL GABLES, FLORIDA  33134
TELEPHONE 305-329-2990

required by the FLSA for each hour worked over forty (40) in a workweek.

126.     ALTAMIREZ worked in excess of forty (40) hours per week during the periods stated in paragraphs 41 through 42.

127.     ALTAMIREZ was not paid overtime wages at a rate of time-and-one-half as required by the FLSA for each hour worked over forty (40) in a workweek.

128.     DIAZ worked in excess of forty (40) hours per week during the periods stated in paragraphs 46 through 48.

129.     DIAZ was not paid overtime wages at a rate of time-and-one-half as required by the FLSA for each hour worked over forty (40) in a workweek.

130.     VINDAS was Plaintiffs FLSA employer.

131.     Defendant VINDAS intentionally violated the FLSA, or showed reckless disregard for the FLSA, by failing to pay Plaintiffs their overtime wages despite having knowledge of their schedule.

132.     At all times material hereto, VINDAS failed to comply with the FLSA, in that Plaintiffs performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by Defendants to properly pay Plaintiffs at a rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

133.     VINDAS failed to keep adequate time records.

134.     VINDAS remains owing the Plaintiffs these overtime wages since the commencement of Plaintiffs' employment with VINDAS as set forth above.

135.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

136.     No valid reason exists for the denial of paying overtime wages.

**Berens, Fernandez & Associates, P.A.**
2100 PONCE DE LEON BLVD. PENTHOUSE – 2 CORAL GABLES, FLORIDA 33134
TELEPHONE 305-329-2990

137.    Plaintiffs have retained the undersigned law firm to represent them in this case and are entitled to recover reasonable attorneys' fees.

WHEREFORE, Plaintiffs request compensatory and liquidated damages and reasonable attorneys' fees and costs from the Defendant, MATTRESS FIRM, together with EDWIN DELIVERY, and VINDAS, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiffs' entire employment period with the Employers, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that the Plaintiffs do not recover liquidated damages, then the Plaintiffs will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT V
## FLSA OVERTIME VIOLATION
### Against FELIX PACHECO

138.    Plaintiffs re-allege and re-incorporate the allegations contained in paragraphs 1 through 81.

139.    HERRERA worked in excess of forty (40) hours per week during the periods stated in paragraphs 35 through 37.

140.    HERRERA was not paid overtime wages at a rate of time-and-one-half as required by the FLSA for each hour worked over forty (40) in a workweek.

141.    PACHECO was HERRERA's FLSA employer.

142.    PACHECO intentionally violated the FLSA, or showed reckless disregard for the FLSA, by failing to pay HERRERA his overtime wages despite having knowledge of their schedule.

**Berens, Fernandez & Associates, P.A.**
2100 PONCE DE LEON BLVD. PENTHOUSE – 2 CORAL GABLES, FLORIDA  33134
TELEPHONE 305-329-2990

143. At all times material hereto, PACHECO failed to comply with the FLSA, in that Plaintiffs performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by PACHECO to properly pay HERRERA, or those similarly situated, at a rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

144. PACHECO failed to keep adequate time records.

145. PACHECO remains owing the HERRERA these overtime wages since the commencement of HERRERA's employment with PACHECO as set forth above.

146. As a direct and proximate result of PACHECO's willful disregard of the FLSA, HERRERA is entitled to liquidated damages pursuant to the FLSA.

147. No valid reason exists for the denial of paying overtime wages.

148. Plaintiffs have retained the undersigned law firm to represent them in this case and are entitled to recover reasonable attorneys' fees.

WHEREFORE, Plaintiffs request compensatory and liquidated damages and reasonable attorneys' fees and costs from the Defendants, MATTRESS FIRM, together with C.S.F., and PACHECO, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiffs' entire employment period with the Employers, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that the Plaintiffs do not recover liquidated damages, then the Plaintiffs will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

**Berens, Fernandez & Associates, P.A.**
2100 PONCE DE LEON BLVD. PENTHOUSE – 2 CORAL GABLES, FLORIDA  33134
TELEPHONE 305-329-2990

## DEMAND FOR JURY TRIAL

Plaintiffs request a trial by jury of all issues so triable.

June 1, 2017

Respectfully submitted,

**BERENS, FERNANDEZ & ASSOCIATES, P.A.**
Attorneys for Plaintiffs
2100 Ponce de Leon Blvd., PH-2
Coral Gables, Florida 33134
TEL. 305-329-2990

s/Andres F. Fernandez
ANDRES F. FERNANDEZ, ESQ.
Florida Bar No. 111967
Fernandez@berensfernandez.com
SAMANTHA M. FRAGA-LOPEZ, ESQ.
Florida Bar No. 115957
Fraga@berensfernandez.com
JEANETTE ESCUDERO, ESQ.
Florida Bar No. 11104
escudero@berensfernandez.com
pleadings@berensfernandez.com

**Berens, Fernandez & Associates, P.A.**
2100 PONCE DE LEON BLVD. PENTHOUSE – 2 CORAL GABLES, FLORIDA 33134
TELEPHONE 305-329-2990