# EXHIBIT A

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Confidential Settlement Agreement and Release of All Claims ("Agreement") is made and entered into by Rafael Herrera ("Herrera"), on behalf of himself, his heirs, executors, administrators and all other persons and entities in privity with him; by Jose Diaz ("Diaz"), on behalf of himself, his heirs, executors, administrators and all other persons and entities in privity with him; and Mauricio Altamirez ("Altamirez"), on behalf of himself, his heirs, executors, administrators and all other persons and entities in privity with him (Plaintiffs will collectively hereinafter be referred to as "Plaintiffs") and by Defendant Mattress Firm, Inc. ("Mattress Firm"). The Plaintiffs and Mattress Firm may be collectively referred to hereinafter as the "Parties."

**WHEREAS**, Plaintiffs have brought a civil action against Mattress Firm, captioned, *Rafael Herrera, et al. v. Mattress Firm, Inc., et al.,* No. 1:17-cv-22048-CMA; in the United States District Court, Southern District of Florida, Miami Division (the "Lawsuit"); and

**WHEREAS**, Mattress Firm expressly denies Plaintiffs' claims and allegations; and

**WHEREAS**, the Parties agree that there are bona fide disputes between them with respect to (a) the legal entitlement to the amounts claimed in the Lawsuit; and (b) the facts that are the basis for the allegations made in the Lawsuit; and

**WHEREAS,** the Parties, in view of the costs, risks, and delays of continued litigation and appeals balanced against the benefits of settlement believe that the settlement as provided in this Agreement is in each of their best interests; and

**WHEREAS**, the Parties desire and intend to seek Court approval of the settlement of the Lawsuit as set forth in Section 1 of this Agreement and to seek an entry of final dismissal from the Court, dismissing with prejudice the claims of the Plaintiffs as set forth herein.

**NOW, THEREFORE**, in consideration of the promises, agreements, representations, and covenants set forth herein and in full compromise, release, settlement, accord and satisfaction, and discharge of all claims and causes of action asserted in the Lawsuit or arising out of any act or omission occurring prior to the date of this Agreement, known or unknown, the parties covenant and agree as follows:

**1.      Approval of Settlement:** All terms of this Agreement are contingent upon the approval of the Court, and this Agreement is entered into voluntarily by the Parties for settlement purposes only.

        a.      The Parties agree to cooperate and present to the Court, if necessary, for its consideration in connection with the approval of the Agreement competent evidence as may be requested by the Court subject to the appropriate standards for approving a settlement under the Fair Labor Standards Act ("FLSA").

        b.      The Parties and their counsel will, contemporaneously with their execution of this Agreement, execute and file a Joint Motion for final approval of settlement

and dismissal with prejudice, and shall submit this Settlement Agreement to the Court for review and approval, with the Court to retain jurisdiction to enforce this Settlement Agreement.

c. The Parties agree that keeping the terms of this Agreement confidential is of utmost importance.

**2. Settlement Approval Procedure:** This Agreement will become final and effective upon occurrence of all of the following events:

a. Execution of this Agreement by Plaintiffs, Mattress Firm, and their respective counsel of record;

b. Entry of an Order by the Court granting approval of this settlement;

c. Entry of an Order dismissing the case with prejudice.

**3. Effect of Non-Approval:** In the event that any of the conditions specified in this Agreement are not satisfied, or in the event that this Agreement does not obtain approval of the Court for any reason, all matters covered by the Agreement, shall, for all purposes, be null and void. In such event, nothing in this Agreement shall be used or construed by or against any Party as a determination, admission, or concession of any issue of law or fact in the Lawsuit and the Parties do not waive, and instead expressly reserve their respective and all rights with respect to the prosecution and defense of the Lawsuit as if the Agreement never existed. If voided, the Parties further agree to extend any necessary deadlines in the Lawsuit, or where necessary, request the Court to do so.

**4. Settlement Sum and Allocation:** Following the occurrence of all of the events stated in Section 2, Mattress Firm agrees to pay the gross settlement sum of **ONE HUNDRED AND FIFTY THOUSAND DOLLARS AND NO/100 ($150,000.00)** (the "Settlement Payment"). The Settlement Payment shall be divided as follows:

a. One check made payable to Herrera in the gross amount of **THREE THOUSAND SIX HUNDRED DOLLARS AND NO/100 ($3,600.00)**. An IRS 1099 will be issued reflecting this payment.

b. One check made payable to Diaz in the gross amount of **TWELVE THOUSAND FOUR HUNDRED DOLLARS AND NO/100 ($12,400.00)**. An IRS 1099 will be issued reflecting this payment.

c. One check made payable to Altamirez in the gross amount of **FORTY FOUR THOUSAND DOLLARS AND NO/100 ($44,000.00)**. An IRS 1099 will be issued reflecting this payment.

d. One check made payable to Berens, Fernandez, and Associates, P.A., in the amount of **NINETY THOUSAND DOLLARS AND NO/100 ($90,000.00)** for attorneys' fees and expenses. An Internal Revenue Service 1099 Form will be issued reflecting this payment.

5. **Settlement Payment Procedure:**

   a. Within 21 days following Court approval of the settlement of this Lawsuit, Mattress Firm shall provide one check to Plaintiffs' counsel for attorneys' fees and costs in the amount set forth in Section 4(d). An IRS Form 1099 will be issued to Plaintiffs' counsel for payment of their attorneys' fees, costs, and expenses as set forth in Section 4(d) of this Agreement. As a condition precedent to receiving payment, counsel for Plaintiff agrees to provide a completed IRS Form W-9 form to Mattress Firm.

   b. Each Plaintiff who receives a Settlement Check must complete an IRS Form W-9, and return it to Plaintiffs' counsel. An IRS Form W-9 is a condition precedent to any Plaintiff's right to a Settlement Check. Mattress Firm shall report and provide each taxing authority with appropriate notice of the payment amounts and shall issue to each Plaintiff who receives a Settlement Check an IRS Form 1099. All checks to Plaintiffs must be delivered to Plaintiffs' counsel within 21 days of receiving the Form W-9.

   c. Counsel for Plaintiffs shall promptly deliver all IRS Form W-9s to counsel for Mattress Firm.

   d. For avoidance of doubt, upon the court approval of this settlement, there is a full and final settlement of all claims referenced in Section 6 of this Agreement for all Plaintiffs regardless of whether or not a plaintiff cashes his settlement check or signs any of the other settlement documentation.

6. **Actions by Plaintiffs:** For and in consideration of the actions by Mattress Firm in Section 4 of this Agreement, Plaintiffs hereby agree to the following:

   a. **Release:** Plaintiffs do hereby and forever release, acquit, and discharge Mattress Firm, which includes its attorneys and past, present, and future divisions, affiliates, predecessor, successors, shareholders, officers, directors, employees, agents, trustees, representatives, administrators, fiduciaries, assigns, subrogees, executors, partners, parents, subsidiaries, and privies from any and all claims, causes of action, demands, debts, obligations, damages, or liability of any nature whatsoever, known or unknown, that were alleged, could have been alleged, may be based in whole or in part upon, do or may arise out of, or are or may be related to or in any way connected with the services he provided to Mattress Firm as well as the claims or the facts, matters, transactions, or occurrences referred to in the Lawsuit and all other local, state, or federal laws relating to wage and hour compensation up to the execution of this Agreement, including, but not limited to, alleged claims of unpaid wages and all derivative claims under the Employee Retirement and Income Security Act, 29 U.S.C. §§ 201, et. sec. All such claims, if any and including any and all claims for attorneys' fees, costs, expenses and the like, are hereby compromised, settled, and extinguished in their entirety.

b. <u>Notwithstanding Section 6a above, or any other provisions in this Agreement to the contrary, the release contained herein does not apply to, or in any way compromise, waive, extinguish, limit, or prejudice Herrera from pursuing the action currently pending in the Southern District of Florida, styled Herrera v. Mattress Firm, Inc, et al., Case No.18-20267-CIV-MORENO.</u>

c. **Dismissal of the Lawsuit:** Plaintiffs agree to dismiss the Lawsuit with prejudice in accordance with the procedures set forth in Sections 1 and 2, and subject to the Court retaining jurisdiction to enforce this Settlement Agreement.

7. **Tax Issues and Indemnification:** Each Plaintiff releases Mattress Firm from, and agrees to assume full responsibility to, any federal, state or local taxing authorities for any tax consequences of Mattress Firm under this Agreement except for proper withholding and payment of employment taxes. **EACH PLAINTIFF COVENANTS AND AGREES TO INDEMNIFY AND HOLD HARMLESS MATTRESS FIRM FROM AND AGAINST ANY TAXES, FINES, PENALTIES, INTEREST, SUITS, CLAIMS, DEMANDS, LIENS, PROCEEDINGS, AND ANY OTHER LIABILITY ARISING OUT OF SUCH TAX CONSEQUENCES.** Each Plaintiff acknowledges and agrees that Mattress Firm and its legal counsel have made no representations regarding the proper tax treatment of the payments set forth in Section 4 of this Agreement.

8. **Nonadmission**: The Parties acknowledge and agree that liability for the actions which are the subject matter of this Agreement is disputed by the Parties. The Parties agree that this Agreement represents a fair and reasonable settlement of this bona fide dispute as to the facts and the law that apply to this matter. This Agreement and the settlement are a compromise and shall not be construed as an admission of liability at any time or for any purpose, under any circumstances, by the Parties to this Agreement. The Parties further acknowledge and agree that this Agreement, the settlement, and any part of the negotiations shall not be used to suggest an admission of liability in any dispute the Parties may have now or in the future with respect to any person or entity.

9. **Confidentiality:** All Parties, including Plaintiffs, agree not to disclose, disseminate or publicize, and will not cause to be disclosed, disseminated or publicized, any of the terms of this Agreement or the negotiations among the Parties concerning the terms or any proposed terms of the Agreement, or the existence of this Agreement, including but not limited to the Settlement Payment or Settlement Allocation, to any person other than his spouse, legal counsel, and tax advisors, except (1) to the extent necessary to obtain court approval of this settlement and dismissal of the Lawsuit, as specified in Sections 1 and 2, (2) as may otherwise be required by law; (3) to the extent necessary to report income to appropriate taxing authorities, or (4) in response to an order or subpoena of a court or government agency of competent jurisdiction. However, notice of receipt of such an order or subpoena shall be immediately communicated to Nikki Pollard, Litigation Counsel—Labor & Employment, Mattress Firm, 10201 S. Main St., Houston, TX 77025, (346) 718-5219, so that it shall have an opportunity to intervene and assert what rights it has to nondisclosure prior to the Plaintiff's response to such

order or subpoena. Mattress Firm shall immediately report notice of receipt of such an order or subpoena to Plaintiffs' counsel.

**10.** **Modification of Agreement**: This Agreement may not be modified or amended except in writing, signed by the respective counsel of record for the Parties. This agreement must be approved in its entirety and without modifications to be effective.

**11.** **Further Cooperation:** The Parties and their respective counsel shall proceed diligently to prepare and execute all documents, to seek the necessary Court approval(s), and to do all things reasonably necessary or convenient to consummate the Agreement and settlement as expeditiously as possible.

**12.** **Entire Agreement**: This Agreement constitutes the entire agreement between the Parties and supersedes all prior agreements and understandings, oral or written, relating to the subject matter of this Agreement. Except as expressly provided herein, this Agreement has not been executed in reliance upon any other oral or written representations or terms. This Agreement shall not be modified, amended or terminated unless such modification, amendment or termination is executed as required by Section 10 above.

**13.** **Construction**: This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any Party, regardless of who drafted or who was principally responsible for drafting this Agreement, or any specific term or condition thereof. The Plaintiffs and Mattress Firm participated in the negotiation and drafting of this Agreement and had available to them the advice and assistance of independent counsel. As such, neither the Plaintiffs nor Mattress Firm may claim that any ambiguity in this Agreement should be construed against the other.

**14.** **Other Acknowledgments:** Plaintiffs each hereby represents and certifies that he (1) has carefully read all of this Confidential Settlement Agreement and Release of All Claims; (2) has been given a fair opportunity to discuss and negotiate the terms of this Agreement by and through his legal counsel; (3) has been given a reasonable time within which to consider this Agreement before executing it; (4) understands the provisions of this Agreement; (5) has received advice from an attorney regarding this Agreement; (6) has determined that it is in his best interest to enter into this Agreement and Release; (7) has not been influenced to sign this Agreement by any statement or representation by Mattress Firm or its legal counsel not contained in this Agreement; and (8) enters into this Agreement knowingly and voluntarily.

**15.** **Enforcement:** This Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the State of Florida, both in its procedural and substantive aspects, and without regard for the principle of conflict of laws, or, in the event the choice of Florida law is deemed inapplicable, in accordance with U.S. federal law. The application of the laws of the State of Florida, or U.S. federal law if Florida law is deemed inapplicable, shall exclude in all cases any choice of law or conflict of law rules or provisions (whether of the State of Florida or any other jurisdiction) that may direct or would cause the application of the laws of any other state, country or jurisdiction. In the event that Plaintiffs or Defendants commence(s) an action for damages, injunctive relief, or to enforce this Settlement Agreement, the prevailing party in any such action shall be entitled to an award of reasonable

attorneys' fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

16. Execution of Agreement: The Parties agree that this Agreement shall be executed in multiple original counterparts, each having the same force and effect as if all Parties executed a single instrument.

PLAINTIFFS:

ACCEPTED AND AGREED:

_____   3.5.2018
Rafael Herrera                    Date

_____   3-5-2018
Jose Diaz                         Date

_____   3/5/18
Mauricio Altamirez                Date

DEFENDANT:

ACCEPTED AND AGREED:

_____   3/7/18
Nikki Pollard                     Date
Litigation Counsel—Labor & Employment
Mattress Firm

APPROVED AS TO FORM BY:

_____   03/05/18
Andres Fernandez                  Date
Attorney for Plaintiffs

_____   3/6/18
Shauna Johnson Clark              Date
Attorney for Defendant Mattress Firm, Inc.